**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RICHARD D. CUNNINGHAM,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-07-0977** |
| v. : | |
| : | **(Judge Caputo)** |
| **WARDEN WILLIAMSON,** : | |
| : | |
| Respondent : | |

*O R D E R*

*THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:*

On May 29, 2007, Petitioner, Richard D. Cunningham, a federal inmate housed at USP-Lewisburg, filed this pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming the Bureau of Prisons ("BOP") denied hm due process with respect to a prison disciplinary proceeding. (Doc. 1, Petition.) The underlying matter involves the November 4, 2005, murder of an inmate by another inmate at FCI-Phoenix, Arizona. Cunningham received an Incident Report for Conduct which Disrupts Most Like Planning or Aiding in a Homicide in violation of Code 1999. As a result of the disciplinary violation, Cunningham received the following sanctions: 41 days loss of Good Conduct Time; 60 days Disciplinary Segregation; 30 months loss of visiting privileges; 30 months loss of contact visiting privileges consecutive to the 30 months loss of visiting; 30 months loss of telephone privileges; and a

recommendation for disciplinary transfer. Petitioner claims that the imposition of the sanctions were unlawful and seeks an Order from this Court directing the BOP to restore his loss of good conduct time. A response was filed on August 2, 2007. (Doc. 13, Response to the Petition for Writ of Habeas Corpus). Cunningham filed a Traverse on August 23, 2007. (Doc. 16, Traverse). On February 26, 2009, Respondent notified the Court that Cunningham was released from federal custody on November 5, 2008. A review of the BOP's Inmate Locator database confirms this fact. *See* www.bop.gov. For the reasons set forth below, the § 2241 petition will be dismissed as moot.

"Habeas corpus relief is available to a prisoner who has been sanctioned in violation of due process to a loss of good conduct time." *Robinson v. Warden*, 250 Fed. Appx. 462, 464 (3d Cir. 2007). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. (*Id.*); *Carafas v. Lavalle*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007). Collateral consequences are presumed to exist when a habeas petitioner challenges

his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983. By contrast, challenges to a the execution of a sentence that has already been served, collateral consequences will not be presumed. *Spencer*, 523 U.S. at 12 - 14, 118 S.Ct. at 985-986. *See also Burkey v. Marberry*, 556 F.3d 142, 148-49 (3d Cir. 2009)(in habeas action, "[o]nce a sentence has expired ... some continuing injury, also referred to as collateral consequences, must exist for the action to continue.") Thus, the central inquiry is whether it is "likely" that the injuries claimed by the petitioner can be redressed by a favorable judicial decision. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).

In the instant case, the Petitioner does not challenge the validity of his underlying conviction or sentence, only the execution of his sentence. Accordingly, we find that Cunningham's habeas corpus petition based on his loss of good conduct time is moot because he has been released from federal. Once Cunningham served his entire term of imprisonment, and was released upon its completion, his good time credits cease to have any effect "either to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violation of parole or mandatory release." 28 C.F.R. § 2.35(b); 28 C.F.R. § 523.2(c). Under these circumstances, Cunningham cannot demonstrate any continuing collateral consequences or injury redressable by a favorable decision. As no live controversy remains, Cunningham's Petition for Writ of Habeas Corpus will be dismissed as moot. *See Scott v Schuykill FCI*, 298 Fed. Appx. 202 (3d Cir. 2008).

Accordingly, this **15th** day of **April, 2009**, it is ordered that:

1. The petition for writ of habeas corpus (Doc. 1) is dismissed as moot.

2. The Clerk of Court is directed to close this file.

                                              **/s/ A. Richard Caputo**
                                              **A. RICHARD CAPUTO**
                                              **United States District Judge**